NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO L.P.

No. 1 CA-JV 25-0090

FILED 12-09-2025

Appeal from the Superior Court in Maricopa County
No. JD32730
The Honorable Glenn A. Allen, Judge

**AFFIRMED**

COUNSEL

David W. Bell Attorney at Law, Mesa
By David W. Bell
*Counsel for Appellant Father Antonio S.*

Arizona Attorney General's Office, Tucson
By Marika J. Hodge
*Counsel for Appellee Department of Child Safety*

Arizona Law Practice LLC, Phoenix
By Amie S. Clarke
*Counsel for Appellee Child L.P.*

---

## MEMORANDUM DECISION

Judge Veronika Fabian delivered the decision of the Court, in which Presiding Judge James B. Morse Jr. and Judge Anni Hill Foster joined.

---

**F A B I A N**, Judge:

¶1   Antonio S. ("Father") appeals the juvenile court's order terminating his parental rights to L.P. For the following reasons, this Court affirms the termination order.

## FACTUAL AND PROCEDURAL BACKGROUND

¶2   Father and Selma P. ("Mother")[1] are the biological parents of L.P., born in April 2016. Both Mother and Father were incarcerated at the time of L.P.'s birth. The Department of Child Safety ("DCS") took custody of L.P., placed her with L.P.'s maternal aunt, and filed a dependency petition. After Father's release from prison, he was awarded temporary custody of L.P.

¶3   Father was arrested again in 2022. On December 13, 2022, L.P.'s maternal aunt filed a private dependency petition for L.P. DCS subsequently substituted as petitioner in the dependency.

¶4   In October 2023, Father was sentenced to imprisonment for 15.75 years with a projected release in June 2038. Father had virtual visits with L.P. from prison for 30 minutes a week from February to December 2024. In May 2024, DCS moved to terminate Father's parental rights to L.P. on the length-of-sentence ground set forth in A.R.S. § 8-533(B)(4). The juvenile court held a two-day severance hearing in March and April 2025.

¶5   On June 9, 2025, the juvenile court terminated Father's parental rights. Father timely appealed. This Court has jurisdiction under Article VI, Section 9 of the Arizona Constitution and A.R.S. §§ 8-235(A) and 12-2101(A)(1).

---

[1] Mother is not a party to this appeal. The juvenile court terminated her parental rights at the same time as Father's, but she did not appeal from that order.

## DISCUSSION

**¶6**     Father argues the juvenile court erred in finding Father's prison sentence rendered him unable to have a meaningful relationship with his child. Specifically, he argues the juvenile court incorrectly applied the law with respect to a factor for determining whether the length of the parent's sentence will deprive the child of a normal home—the degree to which the relationship can be continued and nurtured during incarceration.

**¶7**     DCS contends the juvenile court correctly applied the law with respect to that factor. In the alternative, DCS argues the unchallenged findings on the other relevant factors are sufficient to support the court's conclusion that Father's sentence would deprive L.P. of a normal home.

**¶8**     When reviewing a termination order, this Court accepts the juvenile court's factual findings "if reasonable evidence and inferences support them." *Brionna J. v. Dep't of Child Safety*, 255 Ariz. 471, 478 ¶ 30 (2023). This Court "will affirm a termination order unless the juvenile court abuses its discretion or the court's findings are not supported by reasonable evidence." *Timothy B. v. Dep't of Child Safety*, 252 Ariz. 470, 474 ¶ 14 (2022). "A court abuses its discretion by misapplying the law." *Id.* This Court views the record "in the light most favorable to upholding the juvenile court's findings." *Brionna J.*, 255 Ariz. at 479 ¶ 32.

**¶9**     All parents have a fundamental liberty interest in the custody of their children. *Kent K. v. Bobby M.*, 210 Ariz. 279, 284 ¶ 24 (2005). However, a parent's right to custody of their child is not absolute. *Michael J. v. Ariz. Dep't of Econ. Sec.*, 196 Ariz. 246, 248 ¶ 12 (2000). "The juvenile court conducts a two-step inquiry in determining whether to terminate the parent-child relationship." *Timothy B.*, 252 Ariz. at 473 ¶ 13. "First, the court must decide whether clear and convincing evidence demonstrates at least one ground listed in § 8-533(B)." *Id.* "Second, assuming a § 8-533(B) ground exists, the court must decide whether a preponderance of evidence supports a finding that termination is in the child's best interests." *Id.*

**¶10**     A.R.S. § 8-533(B)(4) authorizes termination when "the parent is deprived of his civil liberties due to the conviction of a felony" and "the sentence of that parent is of such length that the child will be deprived of a normal home for a period of years." Factors the juvenile court should consider include:

> (1) the length and strength of any parent-child relationship existing when incarceration begins,
> (2) the degree to which the parent-child

> relationship can be continued and nurtured during the incarceration, (3) the age of the child and the relationship between the child's age and the likelihood that incarceration will deprive the child of a normal home, (4) the length of the sentence, (5) the availability of another parent to provide a normal home life, and (6) the effect of the deprivation of a parental presence on the child at issue. After considering those and other relevant factors, the trial court can determine whether the sentence is of such a length as to deprive a child of a normal home for a period of years.

*Michael J.*, 196 Ariz. at 251-52 ¶ 29. Under the fifth factor, "the court should consider the availability of a permanent guardian to provide a normal home life if another parent is unavailable." *Timothy B.*, 252 Ariz. at 477 ¶ 27.

¶11        On appeal, Father argues only that the court erred in applying the second factor — the degree to which the parent-child relationship can be continued and nurtured during the incarceration. In considering this factor, the juvenile court found:

> Father is only able to have 30-minute visits, once per week, with his child. That is entirely insufficient to establish and maintain a normal parent-child relationship.

Father argues the court's finding is inconsistent with *Timothy B.*, which held that incarceration of a parent does not create a presumption that the parent-child relationship should be terminated. He argues the standard applied by the juvenile court would mean "every single termination action involving a parent incarcerated for at least two years will have an unfavorable result."

¶12        This Court disagrees. The juvenile court did not make a presumption that incarceration resulted in termination. Rather, it found the Father's limited visitation time was insufficient given the lack of a strong existing relationship and the Father's lengthy incarceration. The court went through each and every one of the *Michael J.* factors, basing its conclusion that L.P. would be deprived of a normal home on the following facts: (1) Father did not have a strong relationship with L.P. at the time he was incarcerated, (2) L.P. will be twenty-two at the time of Father's projected release, and (3) maternal aunt wanted to adopt L.P. and L.P. wanted to be

adopted. In light of these findings, which Father does not dispute, the juvenile court did not abuse its discretion in finding Father's incarceration deprived L.P. of a normal home for a period of years.

## CONCLUSION

**¶13**　　　　Father has not shown that the juvenile court's factual findings are not supported by reasonable evidence and inferences. Nor has he shown that the court's legal conclusions regarding statutory grounds for termination are clearly erroneous. Thus, this Court affirms the termination order. *See Brionna J.*, 255 Ariz. at 478-79 ¶¶ 30-31.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:　　　　JR